55c

IN THE MAGISTRATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

Clerk, Gwinnett Magistrate Court, P.O. Box 246
Lawrenceville, GA 30046-0246 (770.822.8100, Ext. Civil Division)

KEN JOSEPH
596 MIDDLETON PL
GRAYSON GA 30017
Plaintiff(s)

Civil Action No. 15M08176

vs.

NCO FINANCIAL SYSTEMS INC
c/o CT CORPORATION SYSTEM INC
1201 PEACHTREE STREET, NE
ATLANTA, GA 30361
Defendant(s)

Telephone (Daytime number if known, otherwise, evening number)

INFO & FORMS ON INTERNET
www.gwinnettcourts.com
E-mail: mag@gwinnettcounty.com

**STATEMENT OF CLAIM**

[ ] Suit on Note [ ] Suit on Account [ ] Other

1. The Court has jurisdiction over the defendant(s) [ ] the Defendant(s) is a resident of Gwinnett County; [X] Other (please specify)

PLAINTIF RESIDE IN GWINNETT COUNTY & DEFFENDANT TRANSACT BUSINESS HERE

2. Plaintiff(s) claims the Defendant(s) is/are indebted to the Plaintiff as follows: (You must include a brief statement giving reasonable notice of the basis for each claim contained in the Statement of Claim)

TCPA & FDCPA VIOLATION AGAINST PLAINTIFF

3. That said claim is in the amount of: $ 15,000 principal, $ — interest, plus $ — costs to date, and all future costs of this suit.

State of Georgia, Gwinnett County:

KEN JOSEPH being duly sworn on oath, says the foregoing is a just and true statement of the amount owing by defendant to plaintiff, exclusive of all set-offs and just grounds of defense.

Sworn and subscribed before me this

30 day of March 20 15

Notary Public/Attesting Official

Plaintiff or Agent

(If Agent -- Title or Capacity)

Day Time Phone Number 443-831-8884

I request a civil trial [ ] during normal business hours - OR - [ ] 6:30 PM, evening trials. ALL CONFLICTS ARE SCHEDULED FOR 6:30 PM.

NOTICE AND SUMMONS

TO: All Defendant(s)

You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement. YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER (answer forms can be obtained from the above listed web-site or clerk's office) TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, *JUDGMENT BY DEFAULT* WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE. If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. NO TELEPHONE ANSWERS ARE PERMITTED. The court will hold a hearing on this claim at the Gwinnett Justice & Administration Center, 75 Langley Dr., Lawrenceville, GA 30046, at a time to be scheduled after your answer is filed. You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance. If you have a claim against the Plaintiff, you should notify the court by immediately filing a written answer and counterclaim. If you admit to the Plaintiff's claim but need additional time to pay, you must come to the hearing in person and tell the court your financial circumstances. Your answer must be RECEIVED by the clerk within 30 days of the date of service. If you are uncertain whether your answer will timely arrive by mail, file your answer in person at the clerk's office during normal business hours.

Filed this 30 day of March 20 15

Magistrate or Deputy Clerk of Court

See Instructions on Reverse Side of This of this Document



EXHIBIT A

PENGAD 800-631-6989

IN THE MAGISTRATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

case # 15M08716

Ken Joseph
*Plaintiff*
*v.*

NCO FINANCIAL SYSTEMS, INC.
*Defendant*

15 MAR 30 PM 12: 31
RICHARD ALEXANDER, CLERK

**COMPLAINT for RELIEF**

1. Plaintiff, KEN JOSEPH individually, hereby sues Defendant(s), NCO FINANCIAL SYSTEMS, INC. for violations of the Telephone Consumer Protection Act (TCPA) 227., 47 USC § 227 Sec. seq, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C § 1692 Sec. seq.

**Nature of the Action**

2. This is a complaint for money damages.
3. Defendant, NCO FINANCIAL SYSTEMS, INC. has violated the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C § 1692 Sec. seq.
4. Plaintiff, Ken Joseph contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.
5. This is not Defendant's first attempt to illegally collect an alleged but nonexistent debt.

**Parties**

6. Plaintiff Ken Joseph (herein after "Plaintiff"), is a citizen of Gwinnett County, Georgia.

7. Upon information and belief, Defendant NCO FINANCIAL SYSTEM INC (herein after "Defendant"), is a foreign corporation, authorized to do business in Georgia with a registered agent in Georgia who is C T CORPORATION SYSTEM, 1201 Peachtree Street, NE Atlanta, Georgia 30361.

8. Defendant uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, an/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3) and Fair Debt Collection Practices Act, 15 U.S.C. §1692.

10. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this county is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

11. Venue is proper in Gwinnett County, Georgia, because the acts giving rise to the cause of action took place within that county. Particularly, the offending communications were all made and directed into that County.

12. This is an action for damages which does not exceed $15,000.00.

**Background**

13. On or about December 24th, 2014, Plaintiff began receiving communication calls to his wireless phone number 443-831-8884 about an alleged outstanding debt from Defendant

which originated from, 877-847-1486. Said numbers is known to be used by Defendant in their debt collection operations.

14. Defendant made several attempts to collect a debt by dialing Plaintiff's wireless phone using an automatic telephone dialing system (ATDS).

15. Plaintiff has no contractual obligation to pay Defendant.

16. It appears that an alleged debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by an alleged Creditor.

17. On or about December 24th, 2014 at about 2:15pm, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

18. On or about December 26th, 2014 at about 01:09 pm, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

19. On or about December 29th, 2014 at about 05:09 pm, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

20. On or about December 29, 2014 at about 08:40 am, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

21. On or about December 30th, 2014 at about 08:35 pm, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

22. On or about December 30th, 2014 at about 12:20 pm, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

23. On or about December 31st, 2014 at about 11:56 am, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

24. On or about January 5th, 2015 at about 01:40 pm, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

25. On or about December 6th, 2015 at about 11:45 am, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes.

26. The communications in question here are all related to the collection of a consumer debt.

27. The acts alleged herein all took place in Gwinnett County, in that the offending calls were received there.

28. All of Defendant's telephone calls to Plaintiffs were placed using an automatic telephone dialing system or other equipment capable of storing and producing telephone numbers at random or sequential periods to be dialed ("auto dialer").

29. In a previous action against the Defendant, the possession of an auto dialer was established.

30. Plaintiff has never given Defendant express permission to call Plaintiff's cellular phone.

31. Defendant continues to attempt to enforce and collect a non-existent debt.

32. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer.

33. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6)

34. Under the "least sophisticated consumer" standard, Plaintiff reasonably believed that Defendant was making a claim against him for personal liability on a debt that he did not owe.

35. The emotional distress has strained Plaintiff's relationships with family and friends.

36. Such distress have resulted Plaintiff's family member to be hospitalized.

37. On January 3rd, 2015, Plaintiff sent a Notice of Intent to Litigate via Certified mail to the Defendant which was received on February 6th, 2015 according to the USPS records.

38. Several Unsuccessful attempts were made to mitigate the damages, which includes several conversations with the Defendant's Attorney.

39. Plaintiff is left with no other option but to seek the assistant of the court in order to seek remedy for the damages cause to him.

**COUNT I**
**DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) (iii)**

40. Plaintiff re-alleges 1 through 39.

41. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) (iii) by using an automatic telephone dialing system to call Plaintiff's cell phone.

42. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service contrary 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

**COUNT II**
**DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(2)(5)**

**43.** Plaintiff alleges and incorporates the information in paragraphs 1 through 42.

**44.** Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(2)(5) by calling the Plaintiff's phone number, more than once during a 12 month period.

**45.** Defendant called the Plaintiff's cellular phone, contrary to 47 U.S.C. §227(b)(2)(5).

**46.** Defendant actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(b) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 USC § 1692**

**47.** Plaintiff alleges and incorporates the information in paragraphs 1 through 46.

**48.** Defendant conduct violated 15 U.S.C. §1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

49. Defendant, violate 15 USC §1692d(5) by refusing to grant Plaintiff's demand to ceased calls to his cell phone and causing his phone to ring repeatedly and engage the plaintiff in telephone conversation at time, and other time refuse to answer with the intent to annoy and harass.

50. In direct result of Defendant's action described in each allegation above, Plaintiff has suffered harassment, disruption of work flow and emotional distress pursuant to 15 USC §1692k.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands

(a) Statutory damages of $15,000.00, payable by Defendant.

(b) Fees and costs pursuant to O.C.G.A. 44-5-60(e), and 15 USC §1692 et seq.

(c) Such other relief as may be just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 30th of March, 2015.

Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 443-831-8884
Email: sem252525@aol.com

**Certificate of Service**

I certify that a copy hereof will be furnished to all parties listed below by the method indicated for each party.

Done this 30th of March, 2015.

To: NCO FINANCIAL SYSTEMS, INC
c/o C T CORPORATION SYSTEM
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Respectfully submitted,

Ken Joseph